IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-CR-00053-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     EZEQUIEL LUCIO-AGUILERA,
          a/k/a Ezequiel Aguilera-Lucid,

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Albert Buchman,

Assistant United States Attorney for the District of Colorado, and the defendant,

Ezequiel Lucio-Aguilera, personally and by counsel, Kilie Latendresse, submit the

following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only

the Criminal Division of the United States Attorney's Office for the District of Colorado

and the defendant.

## I.   AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1)    plead guilty to the sole count of the Indictment, charging a violation of 8
U.S.C. § 1326(a), illegal re-entry of a previously deported alien following a
felony conviction, agreeing that the enhanced penalty under 8 U.S.C.
§ 1326(b)(2) applies.



COURT EXHIBIT
1
22-cr-00053

(2)     waive certain appellate and collateral attack rights, as explained in detail below.

**B**. **Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(B). The government

agrees to

(1) Recommend a sentence at the low-end of the advisory guideline range as finally calculated by the Court.

(2) Provided the defendant does not prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

The parties understand that this agreement is not binding on the Court.

**B.  Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the

sentence, including the manner in which that sentence is determined. Understanding

this, and in exchange for the concessions made by the government in this agreement,

the defendant knowingly and voluntarily waives the right to appeal any matter in

connection with this prosecution, conviction, or sentence (including the restitution

order), unless it meets one of the following criteria:

(1)     the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 1326(a), (b)(2)

(2)     the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 10; or

(3)     the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his

sentence exceeds the statutory maximum sentence.  But if one of the latter two criteria

apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)     the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)      the defendant was deprived of the effective assistance of counsel; or

(3)      the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a)

grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements to which the defendant will lea guilty are as follows:

*First*:  The defendant was an alien (not a citizen or national of the United States) at the time alleged in the indictment;

*Second*: the defendant had previously been deported and removed from the United States;

*Third*: the defendant knowingly entered and was found in the United States;

*Fourth*: the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

Note: the parties agree that the sentencing provision of 8 U.S.C. § 1326(b)(2) applies. This is not an essential element of the offense but rather is a sentencing factor for the Court. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

## III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of 8 U.S.C. § 1326(a) and (b)(2) is not more than 20 years of imprisonment, not more than a $250,000 fine, or both, not more than three years supervised release, and a $100 special assessment fee.

## IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is

an alien, the conviction may cause the defendant to be deported and removed from the United States, or confined indefinitely if there is no country to which the defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

## V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

Ezequiel Lucio-Aguilera is 27-year-old native and citizen of Mexico by virtue of his birth in Chihuahua, Mexico on April 14, 1995. The defendant last entered the United States on an unknown date in May 2021. He was determined to have been last removed from the United States to Mexico on April 15, 2019, through Paso Del Norte, Texas, subsequent to a conviction classified as an aggravated felony. The defendant has not sought permission from the United States Attorney General to reenter the United States after his last removal.

The defendant was found and encountered by immigration officials on September 9, 2021. On January 21, 2022, upon arrest, he admitted to law enforcement that he knowingly reentered the United States illegally around May 2021, at or near San Ysidro, California, and without seeking permission from the United States Attorney General to reenter after his last removal.

The defendant was, on April 18, 2017, convicted in the United States District Court, Western District of Texas, El Paso Division, of Conspiracy to Transport Aliens, in violation of 8 U.S.C. §1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(i), for which he was sentenced to a term of three years of non-reporting probation.

The defendant was, on January 10, 2022, convicted in Adams County Court, of Driving Under the Influence, in violation of C.R.S. § 42-4-1301(1)(a), for which he was sentenced to a term of six months jail, suspended on 12 months of probation.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.  The parties understand that the government also has an independent

obligation to assist the Court in making an accurate determination of the correct guideline range.  To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a)   Under USSG § 2L1.2, the base offense level is **8**.

b)   Specific offense characteristics:

There is an additional **4-level increase** because the defendant committed the instant offense after engaging in criminal conduct that any time, resulted in a felony conviction (other than an illegal reentry offense) before the defendant was ordered deported or ordered removed from the United States for the first time. USSG § 2L1.2(b)(2)(D).

c)   There are no victim-related, role-in-offense, obstruction an/or multiple count adjustments.

d)   The adjusted offense level is **12**.

e)   The defendant should receive a **2-level adjustment** for acceptance of responsibility under USSG § 3E1.1. The resulting, total offense level there would be **10**.

f)   The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions.  The parties believe the defendant is in criminal history category **II**.

g)   The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h)   The advisory guideline range is **8-14** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from **6** months (bottom of Category I) to **30** months (top of Category VI).

i)   Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $4,000 to $40,000, plus applicable interest and penalties.

j)      Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term at least one year but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.    ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 6/27/22

Ezequiel Lucio-Aguilera
Defendant

Date: 6/27/22

Kilie Latendresse
Attorney for Defendant

Date:   6/21/2022

/s/ Albert Buchman
Albert Buchman
Assistant U.S. Attorney