IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00053-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

EZEQUIEL LUCIO-AGUILERA,

       Defendant.

**RESPONSE TO THE DEFENDANT'S SENTENCING STATEMENT AND MOTION FOR DOWNARD VARIANCE**

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, respectfully submits this Response to the defendant Ezequiel Lucio-Aguilera's "Sentencing Statement and Motion for Downward Variance," ECF 23. The defendant requests a sentence of 237 days (time-served)[1] with no further supervised release. *Id.* In opposition, the government joins the United States Probation Office's request for a bottom-of-the-guidelines sentence of 10 months' imprisonment with three years' supervised release. *See* ECF 24-1.

---

1    The government agrees with the defendant's estimation of pretrial confinement in this case. *See* ECF 23, fn. 1 and 2.

18 U.S.C. § 1326 is a deterrence statute promulgated to enforce civil immigration regulation. *See e.g.*, *United States v. Hernandez-Guerro*, 147 F.3d 1075, 1078 (9th Cir. 1998). To promote the defendant's respect for immigration and criminal laws and deter him from future reentry, a guideline sentence is justified pursuant to 18 U.S.C. §§ 3553(a)(2)(A) and (B).

In his conspiracy to transport aliens case, the defendant did not receive imprisonment outright, ECF 24, ¶ 30. Rather, he was subject to probation with a special condition that he remain outside the United States. *United States v. Lucio-Aguilera*, Western District of Texas Case No. 19-cr-00232, ECF 41 (judgment). He failed to abide by that condition by reentering the country and received a six-month prison sentence as a result. ECF 24, ¶ 30. That prison sentence, however, should not be construed as having already punished the same conduct as this case—the defendant's reentry into the United States. Rather, the sentence punished his smuggling of other aliens. *See id.* Here, the sentence should independently sanction the defendant's reentry into the country, and the government believes a 10-month prison term is just punishment that impresses upon him the requirement to remain outside the United States or seek a lawful route to reentry such as civil asylum. 18 U.S.C. §§ 3553(a)(2)(A) and (B). The defendant is a young man with time to correct his behavior, and the government sincerely hopes the sentence here motivates him to change his circumstances before he is caught in the cycle of illegal reentries.

The government is sympathetic to the defendant's life events in Mexico and with his son in the United States. ECF 23; ECF 24, ¶¶ 38-48. However, the government

reasons that the majority of those who cross the borders illegally into the United States understand human motivations. In the same vein, undoubtedly an even greater number of people in other countries have similar motivations but do not defy laws to illegally to cross borders. Sentencing should not be focused on who can provide the Court the best reasons for entering and remaining in the country but rather focus on deterring future illegal reentry and other criminal conduct. The defendant's mitigation, which is admittedly heart-wrenching, is best accounted for by imposing a sentence at the bottom of the advisory guideline range, not higher.

The government agrees with probation's request for a three-year supervised release term including a special condition be imposed that the defendant remain outside of the United States. *See* ECF 24-1, p. R-3. The term is justified to promote deterrence under 18 U.S.C. §§ 3583(c), 3583(d), and 3553(a)(2)(B).

I. **Conclusion**

The government respectfully requests that the Court deny the defendant's request for a variance.

Dated this 22nd day of November, 2022.

>Respectfully submitted,
>
>COLE FINEGAN
>United States Attorney
>
>*s/ Albert Buchman*
>ALBERT BUCHMAN
>Assistant United States Attorney
>United States Attorney's Office
>1801 California Street, Suite 1600
>Denver, Colorado 80202
>Telephone: (303) 454-0100
>E-mail: al.buchman@usdoj.gov
>Attorney for the Government

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 22 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                         *s/ Lauren Timm*
                                         Lauren Timm
                                         Legal Assistant
                                         United States Attorney's Office